1  Jonathan D. Selbin (Bar No. 170222)
   jselbin@lchb.com
2  Annika K. Martin (*pro hac vice*)
   akmartin@lchb.com
3  Valerie D. Comenencia Ortiz (Bar No. 322379)
   vcomenenciaortiz@lchb.com
4  LIEFF CABRASER HEIMANN &
   BERNSTEIN, LLP
5  250 Hudson Street, 8th Floor
   New York, NY 10013-1413
6  Telephone: 212.355.9500
   Facsimile: 212.355.9592

7
   Joseph G. Sauder
8  jgs@sstriallawyers.com
   SAUDER SCHELKOPF LLC
9  555 Lancaster Avenue
   Berwyn, Pennsylvania 19312
10 Telephone: 888.711.9975

11 *Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JANE DOE K.G., JANE DOE T.F., JANE DOE B.S., and JANE DOE W.D., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PASADENA HOSPITAL ASSOCIATION, LTD., d/b/a HUNTINGTON MEMORIAL HOSPITAL, THE MEDICAL STAFF OF HUNTINGTON MEMORIAL HOSPITAL, and PATRICK SUTTON, M.D.,<br><br>Defendant. | Case No. 2:18-cv-8710-ODW (AFMx)<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO PATRICK SUTTON'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** |

1777327.2

1  Plaintiffs respectfully submit this sur-reply to address solely the issue of
2  whether counsel for Sutton properly met and conferred with Plaintiffs in
3  compliance with Local Rule 7-3. Counsel for Defendant Sutton asserts that they
4  did so because they sent a single letter to counsel via facsimile only at 5:03-
5  5:07p.m. PST on May 28, 2019, eight days before Sutton filed his motion to
6  dismiss. Plaintiffs' Counsel never saw this faxed letter, but we acknowledge that,
7  per Sutton's Exhibit A, our offices received the faxed letter. We therefore apologize
8  to the Court for our mistaken assertion that Sutton's counsel did not make any
9  attempt to contact us prior to filing his motion to dismiss. Nonetheless, Plaintiffs
10 maintain that the nature and circumstances of Sutton's "alleged attempt to meet and
11 confer violat[e] the letter and spirit of Local Rule 7-3." *Access Ins. Co. v. Peralta*,
12 No. SACV 15-622-JLS (AJWx), 2015 WL 13036938, at *1 (C.D. Cal. Oct. 13,
13 2015).

14  Local Rule 7-3 requires that, prior to filing any motion, counsel "shall first
15 contact opposing counsel *to discuss thoroughly, preferably in person*, the substance
16 of the contemplated motion and any potential resolution." C.D. Cal. R. 7-3
17 (emphasis added). If the parties cannot reach a resolution, the moving party must
18 then state the date of such conference in the notice to their motion. Rule 7-3
19 promotes the resolution of disputes and judicial economy, while also serving "the
20 important purpose of providing the opposing party sufficient notice as to the
21 contents of a proposed motion and an opportunity to discuss the merits of the
22 motion, or, at a minimum, negotiate a hearing date." *Aviles v. Quik Pick Express,
23 LLC*, No. CV-15-5214-MWF (AGR), 2015 WL 5601824, at *2 (C.D. Cal. Sept. 23,
24 2015).

25  Even if Sutton did in fact send a letter describing his arguments via fax, that
26 single arcane attempt to contact Plaintiffs' counsel does not satisfy the Rule 7-3
27 meet and confer requirement. In *Access Ins. Co.*, a court held that "faxing a letter to
28 opposing counsel fails to comply with the Rule's requirement that counsel 'discuss

- 1 -

1777327.2

*thoroughly, preferably in person*, the substance of the contemplated motion and any potential resolution.'" 2015 WL 13036938, at *1 (emphasis in original). There, in part because defendant merely faxed the letter,[1] the court concluded that defendant's counsel "fell immensely short of satisfying his meet and confer obligations under Local Rule 7-3." *Id.* Indeed, sending a single fax after business hours as Sutton's counsel did here is a far cry from a thorough discussion of the substance of the motion. Rather, Sutton's alleged attempt to meet and confer appears to simply be an attempt to tick a box, in contravention of the important purposes of Rule 7-3.

The facts here are even more compelling. Prior to the filing of this motion, Plaintiffs were not even aware that Sutton's current counsel—Mr. Law and Mr. Schwake—even represented Sutton. Decl. of Annika K. Martin, at ¶ 3. Previously, all communications with Sutton's counsel were by telephone and e-mail with attorney John Burton, who signed an acknowledgement of receipt of summons and amended complaint on behalf of Sutton. *Id.* at ¶ 4. Mr. Law and Mr. Schwake did not file an appearance prior to filing their motion to dismiss, nor did they contact Plaintiffs' counsel by phone or e-mail to notify them that they would be representing them, despite that contact information being readily available on the docket and on prior filings. *Id.* at ¶5.

Further, Sutton's own May 28 faxed letter confirms that Sutton's counsel was not interested in conferring with Plaintiffs' counsel to resolve any disputes, discuss the merits of the motion, or negotiate a proposed hearing date. *Aviles*, 2015 WL 5601824, at *2. Rather, Sutton's counsel asserted that "because the other named Defendants have already filed motions to dismiss and motions to strike after conferring with your office, it does not appear that you are willing to dismiss the

---

[1] This was coupled with the fact that defendant there sent the fax one day before filing the motion at issue, which violated a separate provision of Rule 7-3 requiring at least seven days between a conference and such filing.

1  claims." Letter from Zachary Schwake (May 28, 2019), at 4. Sutton's counsel
2  concluded, "[i]f we do not hear further from you, we will proceed in filing a motion
3  to dismiss...." *Id.*
4      Plaintiffs' counsel acknowledge that Sutton's counsel did, in fact, send over a
5  single letter by fax only, and apologize to the Court for being unaware of that
6  communication. However, in the context of all the facts, it remains clear that
7  Sutton did not in fact satisfy the substantive requirements of Rule 7-3.
8      For the foregoing reasons, Plaintiffs respectfully request that the Court deny
9  Sutton's motion to dismiss for, among other reasons, failure to comply with Rule 7-
10 3. *See Singer v. Live Nation Worldwide, Inc.*, No. SACV 11-0427 DOC, 2012 WL
11 123146, at *2 (C.D. Cal. Jan. 13, 2012) (denying motion for summary judgment
12 because it did not comply with Local Rule 7-3).

Dated: June 25, 2019

Respectfully submitted,

By: _____

Jonathan D. Selbin (Bar No. 170222)
Annika K. Martin (*pro hac vice*)
Valerie D. Comenencia Ortiz (Bar No. 322379)
jselbin@lchb.com
akmartin@lchb.com
vcomenenciaortiz@lchb.com
LIEFF Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

1777327.2

- 3 -

| | |
|---|---|
| 1 | Joseph G. Sauder (*pro hac vice*) |
| 2 | Matthew D. Schelkopf |
|   | Lori G. Kier |
| 3 | jgs@sstriallawyers.com |
|   | mds@sstriallawyers.com |
| 4 | lgk@sstriallawyers.com |
|   | SAUDER SCHELKOPF LLC |
| 5 | 555 Lancaster Avenue |
|   | Berwyn, Pennsylvania 19312 |
| 6 | Telephone: 888.711.9975 |
| 7 | Facsimile: 610-421-1326 |
| 8 | Marc L. Godino (Bar No. 182689) |
|   | mgodino@glancylaw.com |
| 9 | GLANCY PRONGAY & MURRAY LLP |
| 10 | 1925 Century Park East, Suite 2100 |
|    | Los Angeles, CA 90067 |
| 11 | Telephone: 310-201-9150 |
|    | Facsimile:  310-201-9160 |
| 12 | |
| 13 | *Counsel for Plaintiffs and the Putative Class* |

1777327.2

- 4 -

## **CERTIFICATE OF SERVICE**

I, Annika K. Martin, hereby certify that on this 25th day of June, 2019, I electronically filed a SUR-reply in OPPOSITION TO PATRICK SUTTON's MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT with the Clerk of the United States District Court for the Central District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Detroit, Michigan on June 25, 2019.

*/s/ Annika K. Martin*
Annika K. Martin

1777327.2