N. Denise Taylor (State Bar No. 101434)
dtaylor@taylordemarco.com
Cherie L. Lieurance (State Bar No. 119979)
clieurance@taylordemarco.com
TAYLOR DEMARCO, LLP
1000 Wilshire Boulevard, Suite 600
Los Angeles, CA 90017-2463
Telephone: (213) 687-1600
Fax: (213) 687-1620

*Counsel for Defendant Pasadena Hospital Association, Ltd,. Dba Huntington Memorial Hospital*

Jonathan D. Selbin (State Bar No. 170222)
jselbin@lchb.com
Annika K. Martin (*pro hac vice*)
akmartin@lchb.com
Christopher E. Coleman (*pro hac vice* pending)
ccoleman@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000

*Counsel for Plaintiffs and the Putative Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JANE DOE K.G., JANE DOE T.F., JANE DOE B.S., and JANE DOE W.D., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PASADENA HOSPITAL ASSOCIATION, LTD., d/b/a/ HUNTINGTON MEMORIAL HOSPITAL, THE MEDICAL STAFF OF HUNTINGTON MEMORIAL HOSPITAL, and PATRICK SUTTON, M.D.; | CASE NO.: 2:18-cv-08710-ODW (MAAx)<br><br>CLASS ACTION<br><br>**AMENDED STIPULATED PROTECTIVE ORDER**<br><br>Original Action Filed:  10/10/2018<br>Trial Date:      None Set |

Defendants.

## 1.    A.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

### B.    GOOD CAUSE STATEMENT

This action may involve confidential trade secrets, financial, commercial, business and/or proprietary information, and medical and personal information, for which special protection from public disclosure and from use for any purpose other than litigation of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices or other

confidential development or commercial information (including information implicating privacy rights of third parties), private medical and personal information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## C.  **FOR FILING UNDER SEAL**

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal, except that as to Local Civil Rule 79-5.2.2(b) relating to documents designated by another as confidential pursuant to a Protective Order.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective

orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.   **DEFINITIONS**

1. Action:  *Jane Doe K.G. et al. v. Pasadena Hospital Association et al.*, United States District Court for the Central District of California, Case No. 2:18-cv-08710.

2.  Challenging Party:   a Party or Non-Party that challenges the designation

1   of information or items under this Stipulated Protective Order.

2       3. Court:  the Honorable Otis D. Wright, or any other judge to which this

3   Action may be assigned, including Court staff participating in such proceedings.

4       4. "CONFIDENTIAL" Information or Items:  information (regardless of how

5   it is generated, stored or maintained) or tangible things that qualify for protection

6   under Federal Rule of Civil Procedure 26(c) and other applicable laws, and is

7   designated as such in accordance with the provisions of this Stipulated Protective

8   Order, including but not limited to the name, address, e-mail address, telephone

9   number, social security number, and other personal identifying information of

10  Plaintiffs and other patients of one or more Defendants that reveal identity,

11  financial information, medical information, insurance information, and any other

12  information believed in good faith by the Designating Party to be subject to

13  protection from disclosure by a person's right of privacy under applicable privacy

14  laws.

15      5. Counsel:  Counsel of Record, inclusive of support staff.

16      6. Designating Party:  a Party or Non-Party that designates information or

17  items that it produces in disclosures or in responses to discovery as

18  "CONFIDENTIAL."

19      7. Disclosure or Discovery Material:  all items or information, regardless of

20  the medium or manner in which the items or information are generated, stored, or

21  maintained (including, among other things, testimony, transcripts, and tangible

22  things), that are produced or generated in disclosures or responses to discovery in

23  this matter.

24      8. Expert:  a person with specialized knowledge or experience in a matter

25  pertinent to the litigation who has been retained by a Party or its counsel to serve as

26  an expert witness or as a consultant in this Action.

27      9. Non-Party:  any natural person, partnership, corporation, association

28  or other legal entity not named as a Party to this action.

10. <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

11. <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

12. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

13. <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

14. <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

15. <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **<u>SCOPE</u>**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Stipulated Protective Order does not govern the use of Protected Material at trial.

///

///

**4.** **DURATION**

The terms of this Stipulated Protective Order include and extend beyond the commencement of the trial. Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.** **DESIGNATING PROTECTED MATERIAL**

5.1. Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.
///

5.2. <u>Manner and Timing of Designations</u>.

Except as otherwise provided in this Stipulated Protective Order (see, e.g., Section 5.2(a) thru (c) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced, as follows:

(a). for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order.  Then, before producing the specified documents, the Producing Party must affix the legend, "CONFIDENTIAL," to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

///

(b). for testimony given in depositions, that the Designating Party, prior to the conclusion of a deposition,  designate whether the testimony given is Confidential in its entirety or if portions thereof are so designated, and if only portions are so designated, identify those portions. If the entirety of the testimony is designated as Confidential, the designating party shall have the right to identify more specific portions of the Testimony as to which protection is sought within thirty (30) days following receipt of the deposition transcript.

(c). for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend, "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3.  <u>Inadvertent Failures to Designate</u>

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

## 6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1. <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

///

///

///

6.2. <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37-1 et seq., and with Section 4 of Judge Audero's Procedures (Mandatory Telephonic Conference for Discovery Disputes").[1]

6.3  <u>Burden of Persuasion.</u> The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1. <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2. <u>Disclosure of CONFIDENTIAL Information or Items</u>.  Unless otherwise ordered by the Court, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

---

[1] Judge Audero's Procedures are available at

https://www.cacd.uscourts.gov/honorable-maria-audero

(a). attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys and are not employees of any Party;

(b). outside counsel of record in this Action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this Action;

(c). those Parties, including officers, directors, employees, insurance carriers to whom disclosure is reasonably necessary for this Action;

(d). experts (as defined in this Stipulated Protective Order) of to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d). the Court and its personnel;

(e). court reporters and their staff;

(f). professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g). the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h). during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary , provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign Exhibit A, except otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and

1       may not be disclosed to anyone except as permitted under this

2       Stipulated Protective Order; and

3       (i). any mediator or settlement officer, and their supporting personnel,

4       mutually agreed upon by any of the parties engaged in settlement

5       discussions.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must: 1) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order; 2) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and 3) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

///

///

///

**9.    PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION BY A NON-PARTY**

9.1    Application.

The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL."  Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order.  Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

9.2    Notification.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

(a)    Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b)    Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    Make the information requested available for inspection by the Nonparty, if requested.

///

///

9.3.   <u>Conditions of Production</u>.

If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's confidential information responsive to the discovery request.  If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court.  Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: 1) notify in writing the Designating Party of the unauthorized disclosures; 2) use its best efforts to retrieve all unauthorized copies of the Protected Material; 3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and 4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" form, attached hereto as Exhibit A.

**11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for

production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a stipulated protective order submitted to the Court.

## 12.   **MISCELLANEOUS**

12.1. <u>Right to Further Relief</u>.  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2. <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3. <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 13.   **FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if

1   not the same person or entity, to the Designating Party) by the sixty-day deadline

2   that (1) identifies (by category, where appropriate) all the Protected Material that

3   was returned or destroyed and (2) affirms that the Receiving Party has not retained

4   any copies, abstracts, compilations, summaries or any other format reproducing or

5   capturing any of the Protected Material.

6          Notwithstanding this provision, Counsel are entitled to retain an archival

7   copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

8   memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

9   work product, and consultant and expert work product, even if such materials

10  contain Protected Material.  Any such archival copies that contain or constitute

11  Protected Material remain subject to this Stipulated Protective Order as set forth in

12  Section 4 (DURATION).

13  **14.   VIOLATION**

14         Any violation of this Stipulated Order may be punished by any and all

15  appropriate measures including, without limitation, contempt proceedings and/or

16  monetary sanctions.

17

18

19  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

20

21

22  DATED: October 9 , 2020                LIEFF CABRASER HEIMANN &
                                            BERNSTEIN, LLP

23

24                                          By: _____

25                                            Annika K. Martin
                                              Christopher E. Coleman
26                                            Attorneys for PLAINTIFFS and
                                              PUTATIVE CLASS and on behalf of
27                                            All Other Plaintiffs' Counsel of Record

28

1  DATED: October 12 , 2020          TAYLOR DEMARCO LLP

2

3                                     By: _____
                                         N. Denise Taylor
4                                        Cherie L. Lieurance
                                         Attorneys for Defendant, PASADENA
5                                        HOSPITAL ASSOCIATION, LTD.,
                                         d/b/a/ HUNTINGTON MEMORIAL
6                                        HOSPITAL

7
   DATED: October    , 2020           LAW + BRANDMEYER
8

9

10                                    By: _____
                                         Yuk K. Law
11                                       Zachary Schwake
                                         Attorneys for Defendant, PATRICK
                                         SUTTON, M.D.
12
   DATED: October     , 2020          LEWIS BRISBOIS BISGAARD &
13                                    SMITH, LLP

14

15                                    By: _____
                                         Marilyn Moriarty
16                                       Katherine Weadock
                                         Attorneys for Defendant, THE
17                                       MEDICAL STAFF OF HUNTINGTON
                                         MEMORIAL HOSPITAL_____
18

19

20  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

21

22  DATED: October___, 2020

23

24                                    _____
                                      Maria A. Audero
25                                    United States Magistrate Judge

26

27

28

DATED: October___, 2020                 TAYLOR DEMARCO LLP


                                        By:_____
                                           N. Denise Taylor
                                           Cherie L. Lieurance
                                           Attorneys for Defendant, PASADENA
                                           HOSPITAL ASSOCIATION, LTD.,
                                           d/b/a/ HUNTINGTON MEMORIAL
                                           HOSPITAL


DATED: October 12, 2020                 LAW + BRANDMEYER


                                        By:_____
                                           Yuk K. Law
                                           Zachary Schwake
                                           Attorneys for Defendant, PATRICK
                                           SUTTON, M.D.

DATED: October     , 2020               LEWIS BRISBOIS BISGAARD &
                                        SMITH, LLP


                                        By:_____
                                           Marilyn Moriarty
                                           Katherine Weadock
                                           Attorneys for Defendant, THE
                                           MEDICAL STAFF OF HUNTINGTON
                                           MEMORIAL HOSPITAL_____


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


DATED: October___, 2020


                                        _____
                                        Maria A. Audero
                                        United States Magistrate Judge

1    DATED: October___, 2020            TAYLOR DEMARCO LLP

2

3                                        By:_____
4                                           N. Denise Taylor
                                            Cherie L. Lieurance
5                                           Attorneys for Defendant, PASADENA
                                            HOSPITAL ASSOCIATION, LTD.,
6                                           d/b/a/ HUNTINGTON MEMORIAL
                                            HOSPITAL
7
     DATED: October   , 2020             LAW + BRANDMEYER
8

9

10                                       By: _____
                                             Yuk K. Law
11                                           Zachary Schwake
                                             Attorneys for Defendant, PATRICK
12                                           SUTTON, M.D.

13   DATED: October 9 , 2020             LEWIS BRISBOIS BISGAARD &
                                         SMITH, LLP
14

15                                       By: _____
16                                           Marilyn Moriarty
                                             Katherine Weadock
17                                           Attorneys for Defendant, THE
                                             MEDICAL STAFF OF HUNTINGTON
18                                           MEMORIAL HOSPITAL_____

19

20   **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

21

22   DATED: October 13 , 2020

23

24

25                                       _____
                                         Maria A. Audero
26                                       United States Magistrate Judge

27

28

                                   17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of <u>*Jane Doe K.G. et al. v. Pasadena Hospital Association, Ltd., et al., case number 18cv08710.*</u>  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order,  and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Executed this ___day (specify day) of_____(specify month), 202_(specify year)


<u>Printed name:_____</u>
<u>Signature:_____</u>

18

**CERTIFICATE OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1000 Wilshire Boulevard, Suite 600, Los Angeles, California 90017-2463.

On October 12, 2020, I served the foregoing document described as

**AMENDED STIPULATED PROTECTIVE ORDER**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

☒ **(BY ELECTRONIC MAIL)**  I served by electronic mail, a true copy of the above-described document.  I am "readily familiar" with this firm's practice of processing correspondence/documents by electronic mail.  Under that practice documents are emailed and are processed and received simultaneously at their destination.  The above-referenced document(s) was emailed directed to each party (using their email address), listed on the attached Service List.  Once the document has been transmitted, an email confirmation / receipt is returned to this office indicating time of completion.

☐ (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.

Executed on October 12, 2020, at Los Angeles, California.

Anna Feygin
Type or Print Name

Signature

1

**<u>SERVICE LIST</u>**

2

Re:  <u>Jane Doe K.G, et al. v. Pasadena Hospital Association, Ltd. et al.</u>
<u>Case No: 2:18-cv-08710-ODW-(MAAx)</u>

3

4

Jonathan D. Selbin
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111

Attorneys for Plaintiff(s)
JANE DOE K.G., JANE DOE T.F.,
JANE DOE B.S., and JANE DOE W.D.

Tel: (415) 956-1000
Fax: (415) 956-1008

jselbin@lchb.com

5

6

7

8

9

10

Annika K. Martin
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street 8th Floor
New York, NY 10013-1413

Attorneys for Plaintiff(s)
JANE DOE K.G., JANE DOE T.F.,
JANE DOE B.S., and JANE DOE W.D.
Tel: (212) 355-9500
Fax: (212) 355-9592

akmartin@lchb.com

11

12

13

14

15

16

Christopher E. Coleman
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue South, Suite 1640
Nashville, TN 37201

Attorneys for Plaintiff(s)
JANE DOE K.G., JANE DOE T.F.,
JANE DOE B.S., and JANE DOE W.D.

Tel: (615) 313-9000
Fax: (615) 313-9965

ccoleman@lchb.com

17

18

19

20

21

Marc L. Godino
GLANCY PRONGAY AND MURRAY LLP
1925 Century Park East Suite 2100
Los Angeles, CA 90067

Attorneys for Plaintiff(s)
JANE DOE K.G., JANE DOE T.F.,
JANE DOE B.S., and JANE DOE W.D.

Tel: (310) 201-9150
Fax: (310) 201-9160
mgodino@glancylaw.com
Attorneys for Plaintiff(s)

22

23

24

25

26

27

28

7

**CERTIFICATE OF SERVICE**

TAYLOR ⋄ DeMARCO LLP

| | | |
|---|---|---|
| 1 | Joseph G. Sauder | JANE DOE K.G., JANE DOE T.F., |
| 2 | Lori Kier | JANE DOE B.S., and JANE DOE W.D. |
| 3 | SAUDER SCHELKOPF, LLP | Tel: (888) 711-9975 |
| | 1109 Lancaster Avenue | Fax: (610) 421-1326 |
| 4 | Berwyn, PA 19312 | jgs@sstriallawyers.com |
| 5 | | lgk@sstriallawyers.com |

Attorneys for Defendant
The Medical Staff of Huntington
Memorial Hospital

Marilyn R. Moriarty
Katherine T. Weadock
LEWIS BRISBOIS BISGAARD &
SMITH, LLP
701 B Street, Suite 1900
San Diego, CA 92101

Tel: (619) 233-1006
Fax: (619) 233-8627
Marilyn.moriarty@lewisbrisbois.com
Katherine.Weadock@lewisbrisbois.com

Yuk Law, Esq.
Zachary Schwake, Esq.
LAW + BRANDMEYER LLP
2 North Lake Ave., Suite 820
Pasadena, CA 91101

Attorneys for Defendant,
Patrick Sutton, M.D.

Tel: (626) 243-5500
Fax: (626) 243-4799
ylaw@lawbrandmeyer.com
zschwake@lawbrandmeyer.com

TAYLOR ❖ DeMARCO LLP

8
CERTIFICATE OF SERVICE